NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

06-3071

MARVIN LOVE,

Petitioner,

v.

DEPARTMENT OF JUSTICE,

Respondent.

_____

DECIDED: June 7, 2006

_____

Before MICHEL, Chief Judge, PLAGER, Senior Circuit Judge, and BRYSON, Circuit Judge.

PER CURIAM.

## DECISION

Marvin Love appeals from a decision of the Merit Systems Protection Board, Docket No. DA-0752-05-0205-I-1, affirming a decision by the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") to remove him from his position as a criminal investigator with the agency. We affirm.

## BACKGROUND

Until his removal on December 22, 2004, Mr. Love was a criminal investigator at the ATF field office in Little Rock, Arkansas. His removal stemmed from an incident that

occurred on February 11, 2004, at a rental house Mr. Love owned in Little Rock. While Mr. Love was on duty at the ATF office on that day, he spoke on the telephone with a prospective tenant about renting his house. At about noon, Mr. Love left the ATF office in a government vehicle and drove to his rental house. Mr. Love contends that he had set out to drive to a restaurant for lunch, and had merely taken a short detour to stop by his rental house to see whether it needed any work before showing it to prospective renters. The administrative judge found, however, that Mr. Love had planned to meet the prospective tenant at the house. That detail is relevant to this appeal because one of the charges that led to Mr. Love's removal hinges on whether his trip to the house in the government vehicle was incidental to his lunch trip—which is a permissible use of a government vehicle—or whether the trip in the government vehicle was for a purely personal purpose.

Mr. Love never made it to the restaurant that day, because when he arrived at his rental house he discovered an intruder inside. Mr. Love drew his service weapon and the intruder fled through a window. According to Mr. Love's account, a noise startled him as he watched the intruder flee, and he accidentally fired his weapon out the window. Shortly thereafter, Mr. Love reported the break-in to the police, who dispatched an officer to the house. While Mr. Love was waiting for the officer, the prospective tenant with whom he had spoken earlier that day arrived at the house. Mr. Love showed her the house, and they agreed to meet later in the day so that Mr. Love could give her a rental application. Shortly after the prospective tenant left the house, the dispatched police officer—Officer Deborah Allen—arrived at the house. Mr. Love and the officer searched the house and discovered a second intruder hiding in a closet.

The officer took that intruder into custody and Mr. Love headed back to the ATF field office. Mr. Love never mentioned to Officer Allen that he had drawn his weapon or that his weapon had discharged.

On his way back to the ATF field office, Mr. Love stopped to meet the prospective tenant as they had agreed, but she was not at the planned meeting place. Mr. Love then returned to his office, where he and Special Agent Richard Coes undertook to deliver copies of subpoenas to a nearby town. While they were driving, Mr. Love received a call from Officer Allen, who had learned during her interrogation of the second intruder that Mr. Love had drawn and fired a weapon. During that call, Mr. Love admitted to having done so, and Officer Allen asked him to come to the police station to discuss the incident. Special Agent Coes then dropped Mr. Love off at his personal vehicle and Mr. Love went to the police station.

Mr. Love returned to the ATF field office later that afternoon. While walking to his car at about 4 o'clock that afternoon, he told his superior, Jeff Brzozowski, about the incident. Mr. Love testified that the reason he told Brzozowski about the incident was to explain why he was not delivering subpoenas with Special Agent Coes. When he told Brzozowski about the discharge of his weapon, the two disagreed about whether ATF regulations required Mr. Love to report the incident. Ultimately, the incident was reported to Mr. Love's supervisors and ATF conducted an investigation into the matter. Following that investigation, ATF proposed Mr. Love's removal based on four charges: (1) mishandling a service weapon; (2) failure to report a discharge of a service weapon; (3) use of a government vehicle for a non-official purpose; and (4) lack of candor. In

response to Mr. Love's response to the notice of proposed removal, ATF dropped the first charge, but sustained the other three and effected Mr. Love's removal.

Mr. Love appealed his removal to the Merit Systems Protection Board. After a hearing, an administrative judge upheld the second and third charges but rejected the fourth charge as unsupported by the evidence. With respect to the second charge, the administrative judge concluded that ATF regulations required Mr. Love to report the accidental discharge of his weapon to his supervisors immediately after it occurred, and also to report the discharge to the local police. The administrative judge found that Mr. Love failed on both of those accounts because he delayed reporting the discharge to his supervisors and he reported the discharge to the police only after the police learned about the discharge from the second intruder and confronted Mr. Love about the matter. With respect to the third charge, the administrative judge concluded that Mr. Love's use of a government vehicle on February 11, 2004, was for purely personal purposes, and therefore was in violation of ATF regulations. Because Mr. Love had been disciplined for misuse of a government vehicle in the past, the administrative judge agreed with ATF that the misuse charge was particularly serious. Mr. Love petitioned for review of the administrative judge's decision, but the petition for review was denied.

## DISCUSSION

On appeal, Mr. Love argues that the two charges that were upheld by the Board were not supported by the evidence. We disagree. Mr. Love's evidence in support of his arguments consists of circumstantial evidence that is, at best, marginally relevant, and of his own testimony, which the Board did not find credible. For instance, Mr. Love argues that the Board erred by concluding that the gun incident implicated public safety;

therefore, Mr. Love argues, he was not required by ATF Order 8200.3A(2)(a) to report the incident to the local police. In support of his assertion that the incident did not implicate public safety, Mr. Love argues that he "knew with reasonable certainty that the gun was pointed in the direction of a tree and toward the ground." The administrative judge did not credit Mr. Love's version of the incident, and we see no grounds on which to disturb the administrative judge's finding in that regard. Similarly, the administrative judge did not credit Mr. Love's explanation for not having immediately reported the firearm discharge incident to his supervisor, or his assertion that stopping at his rental house—and using a government vehicle to drive there—was incidental to an official use of the vehicle. Mr. Love has not shown that the administrative judge's findings were unsupported by substantial evidence, and we therefore sustain those findings.

Mr. Love also complains that the penalty of removal was unreasonable in light of the two charges that the Board affirmed. Again, we disagree. Both the agency and the administrative judge provided detailed and thorough analyses of the <u>Douglas</u> factors, <u>see</u> <u>Douglas v. Veterans Admin.</u>, 5 M.S.P.R. 280 (1981), and Mr. Love has not pointed to any specific errors in their analysis. Nor does the fact that the administrative judge rejected one of the three charges affect the penalty in this case. There is no indication from the agency that it would have imposed a lesser penalty in the absence of the lack of candor charge, and the Board determined that the penalty was reasonable in light of the two charges that were sustained. <u>See</u> <u>Lachance v. Devall</u>, 178 F.3d 1246, 1259-60 (Fed. Cir. 1999).

In the decision letter, the deciding official stated that all of the charges against Mr. Love were "extremely serious" and that the several charges "raise concerns about

your ability to adhere to the standards set by the Bureau for a special agent." The deciding official added that the fact that Mr. Love was previously suspended for providing untrue statements and misusing a government vehicle "makes these charges even more serious." The administrative judge noted that when the Board sustains fewer than all of the agency's charges, the Board "may mitigate the agency's penalty to the maximum reasonable penalty so long as the agency has not indicated in either its final decision or in proceedings before the Board that it desires that a lesser penalty be imposed on fewer charges." Based on the evidence before him and the seriousness of the two sustained charges, the administrative judge concluded that a lesser penalty was not appropriate. Mr. Love has not demonstrated that the administrative judge's conclusions as to the seriousness of the sustained charges and the appropriateness of the penalty are unreasonable. We therefore affirm the Board's decision upholding Mr. Love's removal from his position.